Susan D. Pitchford (OSB No. 98091)
sdp@chernofflaw.com
**CHERNOFF VILHAUER LLP**
111 SW Columbia Street, Suite 725
Portland, OR 97201
Telephone: (503) 227-5631
Facsimile: (503) 228-4373

Bradley W. Caldwell (admitted *pro hac vice*)
bcaldwell@caldwellcc.com
Warren J. McCarty, III (admitted *pro hac vice*)
wmccarty@caldwellcc.com
Jason D. Cassady (admitted *pro hac vice*)
jcassady@caldwellcc.com
John Austin Curry (admitted *pro hac vice*)
acurry@caldwellcc.com
R. Seth Reich Jr. (admitted *pro hac vice*)
sreich@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849
**Attorneys for Plaintiff**
[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **BESANG INC.,** | CIVIL ACTION NO. 3:23-cv-00113-HZ |
| Plaintiff, | |
| v. | **MOTION TO SEAL DKT. 67** |
| **INTEL CORPORATION,** | EXPEDITED CONSIDERATION REQUESTED |
| Defendant. | |

1

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Plaintiff BeSang Inc. ("BeSang") conferred with counsel for Defendant Intel Corporation ("Intel").

Intel position: Given the fact that BeSang's request to Intel came late in the afternoon at the end of a business week, Intel has agreed that it will not oppose the filing of a motion or the grant of a temporary seal of the Opinion and Order, subject to BeSang providing us with a proposed redacted version of the Opinion and Order by 5 p.m. PT on August 28, 2023. Intel has not had an opportunity to assess, and therefore does not endorse, any of the factual and legal arguments made in the motion.

## MOTION

BeSang Inc. ("BeSang" or "Plaintiff") respectfully requests that the Court place under seal the Court's Order of August 25, 2023 (Dkt. 67) ("Order") denying Plaintiff's Motion for Disqualification of Counsel.[1]

While the Court in its Order determined that the information disclosed by BeSang to its attorneys at Perkins Coie did not rise to the level of disqualifying information, the Court also noted the existence of an attorney-client relationship (Order at 8) and attorney-prospective client relationship (Order at 14 & 18). The communications between BeSang and its counsel and prospective counsel are protected by the attorney-client privilege. *See, e.g.*, *Elizabeth Retail Properties, LLC v. KeyBank Nat'l Ass'n*, No. 3:13-CV-02045-SB, 2015 WL 6549616, at *2 (D. Or. Oct. 28, 2015) (setting forth elements of privilege as (1) communication between client and lawyer; that is (2) "confidential," (e.g., not intended to be shared with third parties; and (3) made

---

[1] Upon issuance of the Order, Counsel for BeSang promptly called the Court to seek sealing of the Order. BeSang files this motion based on what it understood the Court's instruction to be.

for the purpose of facilitating rendition of professional legal services to the client). In the Order, the Court discloses and quotes from these attorney-client communications involving BeSang and its attorneys and describes the substance of those communications. *See, e.g.*, Order at 18, 19.

While federal courts have found a presumption of access to judicial documents in a variety of circumstances, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), the right to access is not absolute. The 9th Circuit has held that material "traditionally kept secret for important policy reasons" confers no right to public access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). And it has expressly concluded "[a]ttorney-client privileged materials, of course, are archetypal examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012).

Here, the Court's order contains BeSang's attorney-client privileged material, a privilege which BeSang has not waived. The 9th Circuit has held that such material "has traditionally been kept secret" and should be sealed. Failing to do so could prejudice BeSang by destroying the privilege since disclosure to third-parties can do so.

Therefore, BeSang respectfully requests that the Court seal the Order in its entirety to ensure that BeSang does not waive its attorney-client privilege, and to protect BeSang from harm attendant to disclosure of such privileged communications to third parties (such as Intel, Intel's litigation counsel, and others). Given the date and time of the Court's order (Friday afternoon before the weekend), BeSang requests that the Court seal the entirety of the order. As soon as practicable, BeSang will identify a more limited set of material that it contends should be sealed.

DATED: August 25, 2023                    Respectfully submitted,

/s/ Warren J. McCarty, III

Susan D. Pitchford (OSB No. 98091)
sdp@chernofflaw.com
**CHERNOFF VILHAUER LLP**
111 SW Columbia Street, Suite 725
Portland, OR 97201
Telephone: (503) 227-5631
Facsimile: (503) 228-4373

Bradley W. Caldwell (admitted *pro hac vice*)
bcaldwell@caldwellcc.com
Warren J. McCarty, III (admitted *pro hac vice*)
wmccarty@caldwellcc.com
Jason D. Cassady (admitted *pro hac vice*)
jcassady@caldwellcc.com
John Austin Curry (admitted *pro hac vice*)
acurry@caldwellcc.com
R. Seth Reich Jr. (admitted *pro hac vice*)
sreich@caldwellcc.com
James F. Smith (admitted *pro hac vice*)
jsmith@caldwellcc.com
Xu Zhou (admitted *pro hac vice*)
xzhou@caldwellcc.com
Bjorn A. Blomquist (admitted *pro hac vice*)
bblomquist@caldwellcc.com
Aisha Mahmood Haley (admitted *pro hac vice*)
ahaley@caldwellcc.com
John F. Summers (admitted *pro hac vice*)
jsummers@caldwellcc.com
Richard A. Cochrane (admitted *pro hac vice*)
rcochrane@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

*Attorneys for Plaintiff BeSang, Inc.*