Susan D. Pitchford (OSB No. 98091)
sdp@chernofflaw.com
**CHERNOFF VILHAUER LLP**
111 SW Columbia Street, Suite 725
Portland, OR 97201
Telephone: (503) 227-5631
Facsimile: (503) 228-4373

Bradley W. Caldwell (admitted *pro hac vice*)
bcaldwell@caldwellcc.com
Warren J. McCarty, III (admitted *pro hac vice*)
wmccarty@caldwellcc.com
Jason D. Cassady (admitted *pro hac vice*)
jcassady@caldwellcc.com
John Austin Curry (admitted *pro hac vice*)
acurry@caldwellcc.com
R. Seth Reich Jr. (admitted *pro hac vice*)
sreich@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N. Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849
**Attorneys for Plaintiff**
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **BESANG INC.,** | Civil Action No. 3:23-cv-00113-HZ |
| Plaintiff, | |
| v. | **BESANG INC.'S RESPONSE TO INTEL CORPORATION'S MOTION TO EXTEND TEMPORARY STAY FOR THREE MONTHS** |
| **INTEL CORPORATION,** | |
| Defendant. | JURY TRIAL DEMANDED |

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................................ 4

II.   LEGAL STANDARD ........................................................................................................... 4

III.  ARGUMENT ....................................................................................................................... 5

      A.    A Stay Would Unduly Prejudice BeSang ................................................................. 5

      B.    A Stay Would Not Simplify the Issues ..................................................................... 7

      C.    The Stage of the Case Factor Weighs Slightly Against a Stay and Cannot
            Otherwise Outweigh the Other Factors................................................................... 11

IV.   CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Acumed LLC v. Stryker Corp.*
   551 F.3d 1323 (Fed. Cir. 2008)...................................................................................... 3

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*
   No. 17-CV-07289-LHK, 2018 WL 4859167 (N.D. Cal. Sept. 28, 2018)................................. 6

*Apple Inc. v. Vidal*
   63 F.4th 1 (Fed. Cir. 2023) ........................................................................................... 5

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*
   No. 10-CV-02863-EJD, 2011 WL 3267768 (N.D. Cal. July 28, 2011) ................................ 2, 3

*Drink Tanks Corp. v. GrowlerWerks, Inc.*
   No. 3:16-CV-410-SI, 2016 WL 3844209 (D. Or. July 15, 2016)...................................... passim

*Evolutionary Intel., LLC v. LivingSocial, Inc.*
   No. 13-CV-04205-WHO, 2014 WL 213179 (N.D. Cal. Jan. 17, 2014) ................................... 5

*Garmin Switzerland GmbH v. FLIR Sys., Inc.*
   No. 3:17-CV-01147-SB, 2017 WL 6453346 (D. Or. Dec. 18, 2017)...................................... 4

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*
   No. 2:20-cv-00269-JRG, Dkt. No. 227 (E.D. Tex. Dec. 10, 2021) ...................................... 3

*In re Sand Revolution LLC*
   823 F. App'x 983 (Fed. Cir. 2020) ................................................................................. 5

*Landis v. N. Am. Co.*
   299 U.S. 248 (1936)....................................................................................................... 1

*Longhorn HD, LLC v. NetScout Systems, Inc.*
   No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D.Tex. Janaury 6, 2022) ................................ 3

*Lyden v. Nike Inc.*
   No. 3:13-CV-00662-HZ, 2013 WL 5729727 (D. Or. Oct. 22, 2013)....................................... 1

*Nat'l Prods. Inc. v. Innovative Intelligent Prods., LLC*
   No. 2:20-CV-00428-RAJ, 2021 WL 2636101 (W.D. Wash. June 25, 2021)............................ 8

*Nat'l Prods., Inc. v. Gamber-Johnson LLC*
   No. 2:12-CV-00840, 2012 WL 3527938 (W.D. Wash. Aug. 14, 2012)................................... 8

*PersonalWeb Techs., LLC v. Apple Inc.*
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) ...................................................................... 6

*RealD Spark LLC v. Microsoft Corp.*
   No. 2:22-CV-00942-TL, 2023 WL 5836459 (W.D. Wash. Aug. 25, 2023).............................. 7

*Reebok Int'l Ltd. v. TRB Acquisitions LLC*
   No. 3:16-cv-1618-SI, 2017 WL 11670214 (September 22, 2017) ................................. 2, 4, 6, 8

*Samsung Elecs. Co. v. Blaze Mobile, Inc.*
   No. 5:21-CV-02989-EJD, 2022 WL 103552 (N.D. Cal. Jan. 11, 2022)................................. 2, 8

*Trover Grp., Inc. v. Dedicated Micros USA*
   No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)................................. 2

*Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*
   No. 5:20-cv-05501-EJD, 2021 WL 1893142 (N.D. Cal. May 11, 2021) .................................. 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*
   759 F.3d 1307 (Fed. Cir. 2014)................................................................................ 5

**Statutes**

35 U.S.C. § 315(e) ....................................................................................................... 7

## I.     PRELIMINARY STATEMENT

Intel speculates that pausing this case for two administrative proceedings that may never even occur would "promote efficiency and conserve judicial and party resources without substantial prejudice to BeSang."  Mot. at 2.  There is little reason to think a stay for two uninstituted *inter partes* review ("IPR") petitions would promote efficiency, but it is certain to prevent BeSang from enforcing its rights and remedying Intel's infringement.  Intel's invitation for a stay under these circumstances departs from the majority of courts.  To be sure, if a filed IPR petition warranted a stay, motions like Intel's would routine, and Intel would have filed it months ago.  And Intel's attempt to capitalize on delay precipitated by disqualification issues does not make this case special.

Ultimately, by requesting a stay of the whole case through the new year, Intel overstates the potential preservation of party and judicial resources, and understates the prejudice to BeSang and its ongoing efforts to develop products to compete with Intel.  Intel has not carried its burden to show that a stay would be appropriate, and the Motion should be denied.

## II.    LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.*  "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *Lyden v. Nike Inc.*, No. 3:13-CV-00662-HZ, 2013 WL 5729727, at *7 (D. Or. Oct. 22, 2013) (citation omitted).  The

"totality of the circumstances" governs, and "a stay is never required." *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-CV-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016) (citations omitted).  Intel has the burden to show that a stay is appropriate. *See id.*

## III.   ARGUMENT

For most courts, the lack of institution is dispositive: "the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases); *see also GrowlerWerks, Inc.*, 2016 WL 3844209, at *5 ("Until the PTO institutes IPR, the Court cannot say that a stay will lead to the simplification of issues in this case").

Intel's motion is based on an outlier case, *Reebok Int'l Ltd. v. TRB Acquisitions LLC*, No. 3:16-CV-1618-SI, 2017 WL 11670214 (D. Or. Sept. 22, 2017), which granted a stay under different facts.  But Intel cannot show that the totality of circumstances in ***this*** case warrants a stay.  ***First***, BeSang—as a patentee seeking vindication of its rights and an active participant in the memory industry—would be unduly prejudiced by a stay.  ***Second***, a stay would not simplify the issues because a pre-institution IPR petition does not simplify anything.  ***Third***, the stage of the case is not so early as to outweigh the other two factors that heavily weigh against a stay.

### A.     A Stay Would Unduly Prejudice BeSang

A stay would prejudice BeSang's timely enforcement of its patent rights and its ability to compete in the memory industry.  As a patent owner, BeSang "has an interest in the timely enforcement of its patent rights." *Samsung Elecs. Co. v. Blaze Mobile, Inc.*, No. 5:21-CV-02989-EJD, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022).  This interest is heightened when parties are competitors. *See Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) (citing *Acumed LLC v. Stryker*

*Corp.*, 551 F.3d 1323, 1327–28 (Fed. Cir. 2008)) ("[I]nfringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages."). "Staying a case while such harm is ongoing can cause prejudice to the patent owner 'that seeks timely enforcement of its right to exclude.'" *GrowlerWerks*, 2016 WL 3844209, at *5 (citing *Avago*, 2011 WL 3267768, at *5).[1]

BeSang and Intel are in the semiconductor memory market. Intel has manufactured and sold memory and storage devices for many years. BeSang has been an active participant in the semiconductor memory industry since its inception twenty years ago, and its research and development remains active to this day. BeSang has constantly sought to collaborate with memory manufacturing companies, including Intel itself. *See* Compl. at ¶¶ 28–29, 34, 36.[2] While this lawsuit persists, BeSang has struggled (and will continue to struggle) to secure investments and collaborate with memory manufacturers to bring products to market. Furthermore, it is immaterial that BeSang does not presently manufacture its own products. *See GrowlerWerks*, 2016 WL 3844209, at *5 n.4 (rejecting an argument that the parties were not direct competitors where plaintiff did not manufacture product that practiced the asserted patent); *see also Avago*, 2011 WL 3267768, at *5 ("[E]ven 'ordinary' competition can justify denial of a stay when that competition

---

[1] Even so, "delaying a patentee's lawsuit where the patentee is not a direct competitor is 'far from non-prejudicial.'" *Longhorn HD*, 2022 WL 71652, at *2 n.3 (quoting *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, Case No. 2:20-cv-00269-JRG, Dkt. No. 227 at 3 n.1 (E.D. Tex. Dec. 10, 2021)).

[2] *See also* Press Release, *BeSang Inc. Statement on Patent Infringement Lawsuits Against Micron and Intel*, 24-7 PRESS RELEASE (January 26, 2023) ("Since [2003], BeSang has continued to work on the development and improvement of 3D memory technologies. BeSang has developed a wide range of memory applications, such as 3D NAND, 3D DRAM, 3D NOR, and embedded cache for CPU/GPU."), https://www.24-7pressrelease.com/press-release/497906/besang-inc-statement-on-patent-infringement-lawsuits-against-micron-and-intel.

is based on alleged infringement and has effects that would be difficult to reverse after the fact.").[3]

BeSang's ongoing efforts to develop memory products in competition with Intel "is sufficient to put the parties in direct competition" "[f]or the purposes of this motion." *See GrowlerWerks*, 2016 WL 3844209, at *5 n.4.[4]

Moreover, contrary to Intel's position, "refraining from seeking a temporary restraining order or preliminary injunction does not weigh against a finding of prejudicial harm for purposes of a motion to stay." *Id.* at *6. Indeed, "most courts, on a motion to stay, will not hold against the patentee its decision to spare the parties more litigation in the form of a motion for preliminary injunction." *Id.* (cleaned up) (collecting cases and noting that "[a] party's decision not to seek a temporary restraining order or preliminary injunction can be attributed to any number of factors"). Accordingly, Intel cannot show a lack of undue prejudice to BeSang in the event of a stay.

**B.      A Stay Would Not Simplify the Issues**

A stay of this case would not simplify anything or meaningfully preserve resources. Specifically, an institution decision alone provides no guidance on claim construction or validity and therefore cannot narrow the issues. Furthermore, a three-month stay would not preserve judicial resources or avoid the risk of inconsistent decisions because the Court will not have any claim construction-related involvement for the next six months. And a significant share of party

---

[3] Intel considers AMD and NVIDIA its competitors, despite the fact that both companies are "fabless," like BeSang. *See* Intel Corporation, Form 10-K (Jan. 27, 2023), https://www.intc.com/filings-reports/annual-reports##document-5321-0000050863-23-000006-1.

[4] Intel relies primarily on *Garmin* and *Reebok* to argue that BeSang will not be prejudiced in the event of a stay. *See Garmin Switzerland GmbH v. FLIR Sys., Inc.*, No. 3:17-CV-01147-SB, 2017 WL 6453346, at *5 (D. Or. Dec. 18, 2017); *Reebok*, 2017 WL 11670214, at *4. However, in both of those cases, the respective parties were not competitors, which, as explained above, is not the case here. *See generally Garmin*, 2017 WL 6453346, at *5; *Reebok*, 2017 WL 11670214, at *4.

resources to develop claim construction have already been used in the parties' preliminary IPR filings. This factor clearly weighs against a stay.

The bulk of Intel's simplification argument reads as a motion to stay pending a final written decision for an **already instituted** IPR. *See* Mot. at 6 (citing *Evolutionary Intel., LLC v. LivingSocial, Inc.*, No. 13-cv-04205-WHO, 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014) (Simplification occurs "if the PTO narrows or cancels any of the asserted claims.")); *see also GrowlerWerks*, 2016 WL 3844209, at *4 ("[T]he case for a stay is stronger after . . . review has been instituted.") (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014)). However, Intel seeks a stay for the period **before** the Board issues an institution decision, so these arguments are irrelevant at this time.

Intel's arguments are unavailing. There is little reason to think that an **uninstituted** IPR petition would result in simplification. Indeed, even an **instituted** petition far from guarantees simplification. *See, e.g.*, *In re Sand Revolution LLC*, 823 F. App'x 983, 984 (Fed. Cir. 2020) (denying mandamus where district court denied stay of litigation pending an instituted IPR); *cf. Apple Inc. v. Vidal*, 63 F.4th 1, 8 (Fed. Cir. 2023) ("Congress enacted no provision for this scenario that directs the court to stay its case in light of a pending request for IPR **or an instituted IPR**.") (emphasis added). Now, however, the pending IPR petitions pose little more than a possibility of simplification through invalidation or otherwise. *See GrowlerWerks*, 2016 WL 3844209, at *5 ("Until the PTO institutes IPR, the Court cannot say that a stay will lead to the simplification of issues in this case.").

Intel strings together half-quotes to support its incorrect conclusion that the Board's denial of institution results in simplification. Specifically, Intel first states that "[d]ecisions denying institution may 'clarify the scope and interpretation of the asserted claims.'" Mot. at 6 (quoting

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-07289-LHK, 2018 WL 4859167, at *2 (N.D. Cal. Sept. 28, 2018)).  *Anza* stands for nothing of the sort.  The full quote, in context, is as follows:

> Therefore, staying the case pending the resolution of the petitions and the IPRs, ***if instituted***, could simplify the case because the PTAB could cancel or amend some or all of the asserted claims. Thus, ***IPR review*** [and not institution or denial of institution] could clarify the scope and interpretation of the asserted claims.

*Anza*, 2018 WL 4859167, at *2 (emphasis added).  Indeed, at no point does the court in *Anza* discuss the effect, if any, of a Board denying institution.  *See generally id.*

Intel continues, "[d]ecisions denying institution may 'clarify the scope and interpretation of the asserted claims' . . . by at least providing the Court with 'the expert review of the PTO.'" Mot. at 6 (quoting *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 5:20-cv-05501-EJD, 2021 WL 1893142, at *1 (N.D. Cal. May 11, 2021)).  As before, *Viavi* has nothing to do with Board decisions denying institution.  The full quote, in context, is as follows:  "And if the PTAB does initiate review, ***a final decision*** could eliminate trial of an issue (when a claim is canceled) or facilitate trial by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Viavi*, 2021 WL 1893142, at *1.

Next, Intel also states in a parenthetical that a stay would "give the Court the benefit of the PTO's expert opinion."  Mot. at 6 (quoting *Reebok*, 2017 WL 11670214, at *4).  In context, however, the court in *Reebok* derived the "PTO's expert opinion" from the Board's final written decision—not the institution decision.  *See Reebok*, 2017 WL 11670214, at *4.  Lastly, Intel's final case on the point, *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022 (N.D. Cal. 2014), similarly refers to the "benefit of the PTAB's findings" in connection with the "PTAB's final decision"—not the institution decision.  *Id.* at 1028.  In sum, none of Intel's cases support the proposition that the Board's institution decision will provide simplification.

With respect to Intel's remaining arguments, a three-month stay would not preserve judicial resources or avoid inconsistent decisions. Mot. at 7–8. The Court would not be required to make any decisions (or even hold a claim construction hearing) before the Board's institution decisions, even under the Court's original scheduling order. Dkt. No. 45 (setting claim construction hearing for December 15, 2023). The Court would expend little to no resources or time on this case until after the institution decisions. *Cf. RealD Spark LLC v. Microsoft Corp.*, No. 2:22-CV-00942-TL, 2023 WL 5836459, at *1 (W.D. Wash. Aug. 25, 2023) (denying as premature a pre-institution motion to stay but re-setting claim construction hearing to after the institution decision). Therefore, a stay would not preserve judicial resources or avoid any inconsistent decisions between the Court and the Board.

Nor would a three-month stay meaningfully preserve party resources. As Intel explains, its IPR petition identifies just two terms for construction and six prior art references. Mot. at 4; *see also* Mot., Exs. B, C (attaching Intel's IPR petition and BeSang's preliminary response thereto). Given the work already completed, a stay will not significantly preserve resources in developing those positions.[5]

Ultimately, the Board cannot simplify issues if it does not ultimately institute IPR and render a decision as to the patent's validity. *GrowlerWerks*, 2016 WL 3844209, at *5. And Intel has not otherwise shown that the proposed three-month stay would simplify anything, let alone

---

[5] Intel might argue that its invalidity contentions list three pages of prior art references that purportedly support Intel's invalidity case, which the parties would not have to further develop in the event of a stay. *See* Ex. A, Excerpt of Intel Corporation's Invalidity Contentions. However, Intel will be estopped from raising in the district court prior art grounds that it did or could have raised in its own IPR petition, *i.e.*, potentially the prior art references asserted in Intel's invalidity contentions but not the IPR petition. *See* 35 U.S.C. § 315(e). Therefore, one can assume that Intel put its best foot forward in the IPR, and the bulk of the work to be done in the district court would involve the same or similar positions.

preserve costs. *See Blaze Mobile*, 2022 WL 103552, at *4 ("Samsung is concerned about expending resources between now and when the last PTAB institution decision will be rendered. However, this is a common occurrence in patent litigation and one of Samsung's own making."). Accordingly, this factor weighs against a stay.

> **C.      The Stage of the Case Factor Weighs Slightly Against a Stay and Cannot Otherwise Outweigh the Other Factors**

Intel's overstatement regarding the "nascent" stage of the case, *see* Mot. at 5, fails to compensate for the other two factors weighing against a stay. Again, Intel's reliance on *Reebok* is misplaced. There, the court found an early case stage where, unlike here, the defendants had "not yet served any discovery requests," "produced any documents[,] or provided any responses to interrogatories." *Reebok*, 2017 WL 11670214, at *3. Discovery opened in this case nearly six months ago. The parties have exchanged written discovery and document productions. BeSang served its preliminary infringement contentions over four months ago, and Intel served its invalidity contentions nearly three months ago. Accordingly, this factor weighs "slightly against" a stay. *See Nat'l Prods. Inc. v. Innovative Intelligent Prods*., LLC, No. 2:20-CV-00428-RAJ, 2021 WL 2636101, at *2 (W.D. Wash. June 25, 2021) (rejecting an argument that the case was "in its infancy" where discovery was ongoing and contentions were served).

Even if the Court ultimately finds that the stage of the case weighs in favor of a stay, this factor alone cannot win the day for Intel. *See, e.g.*, *GrowlerWerks*, 2016 WL 3844209, at *6 (denying motion to stay where stage of the case was the only factor weighing in favor of stay); *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, No. 2:12-CV-00840, 2012 WL 3527938, at *2 (W.D. Wash. Aug. 14, 2012) (same); *Blaze Mobile*, 2022 WL 103552, at *5 (same).

## IV.    CONCLUSION

For the foregoing reasons, Intel has failed to carry its burden to show that a stay is appropriate.  BeSang respectfully requests that the Court deny Intel's motion to stay.

DATED: September 29, 2023         Respectfully submitted,

                       */s/ Warren J. McCarty, III*

Susan D. Pitchford (OSB No. 98091)
sdp@chernofflaw.com
**CHERNOFF VILHAUER LLP**
111 SW Columbia Street, Suite 725
Portland, OR 97201
Telephone: (503) 227-5631
Facsimile: (503) 228-4373

Bradley W. Caldwell admitted (*pro hac vice*)
bcaldwell@caldwellcc.com
Warren J. McCarty, III (admitted *pro hac vice*)
wmccarty@caldwellcc.com
Jason D. Cassady (admitted *pro hac vice*)
jcassady@caldwellcc.com
John Austin Curry (admitted *pro hac vice*)
acurry@caldwellcc.com
R. Seth Reich Jr. (admitted *pro hac vice*)
sreich@caldwellcc.com
James F. Smith (admitted *pro hac vice*)
jsmith@caldwellcc.com
Xu Zhou (admitted *pro hac vice*)
xzhou@caldwellcc.com
Bjorn A. Blomquist (admitted *pro hac vice*)
bblomquist@caldwellcc.com
Aisha Mahmood Haley (admitted *pro hac vice*)
ahaley@caldwellcc.com
John F. Summers (admitted *pro hac vice*)
jsummers@caldwellcc.com
Richard A. Cochrane (admitted *pro hac vice*)
rcochrane@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

*Attorneys for Plaintiff*