IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BESANG, INC.,

Plaintiff,

v.

INTEL CORPORATION,

Defendant.

No. 3:23-cv-00113-HZ

OPINION & ORDER

Susan D. Pitchford
Chernoff Vilhauer LLP
111 SW Columbia St, Ste 725
Portland, OR 97201

Aisha Mahmood Haley
Bjorn A. Blomquist
Bradley Wayne Caldwell
James F. Smith
Jason Dodd Cassady
John Austin Curry
John Franklin Summers
Richard A. Cochrane
Robert Seth Reich, Jr.
Warren Joseph McCarty III
Xu Zhou

Caldwell Cassady Curry PC
2121 N Pearl St, Ste 1200
Dallas, TX 75201

Attorneys for Plaintiff

Chad S. Campbell
Tyler Reese Bowen
Elizabeth Baxter
Heather C. Martin
Perkins Coie LLP
2901 N Central Ave, Ste 2000
Phoenix, AZ 85012

Renee E. Rothauge
Sarah J. Crooks
Gregory J. Mina
Perkins Coie LLP
1120 NW Couch St, 10th Floor
Portland, OR 97209

Christina McCullough
Dorianne Salmon
Perkins Coie LLP
1201 Third Ave, Ste 4800
Seattle, WA 98101

Philip Alcide Morin
Perkins Coie LLP
11452 El Camino Real, Ste 300
San Diego, CA 92130

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff BeSang Inc. moves to redact the Court's Opinion and Order denying Plaintiff's Motion to Disqualify counsel for Defendant Intel. ECF 69. Defendant does not oppose most of the proposed redactions. For the following reasons, the Court grants the motion in part.

//

//

## BACKGROUND

On January 23, 2023, Plaintiff sued Defendant, alleging infringement of its patent No. 7,378,702 ("the '702 Patent"), entitled "Vertical Memory Device Structures." Compl. ¶ 9, ECF 1. Attorneys from Perkins Coie appeared on behalf of Defendant beginning February 14, 2023. ECF 24. On June 26, 2023, Plaintiff moved to disqualify Perkins Coie from representing Defendant based on three prior transactions between Perkins Coie and Plaintiff. ECF 60. The parties' briefs and supporting exhibits were submitted to the Court *in camera*. Perkins Coie appointed attorneys not assigned to the merits litigation team to respond to the motion. The Court denied Plaintiff's Motion to Disqualify on August 25, 2023. ECF 67. In its Opinion and Order, the Court reviewed each of the three transactions between Plaintiff and Perkins Coie. The Court concluded that while Plaintiff was a client for one of the transactions, and a prospective client for the other two, the Oregon Rules of Professional Conduct did not require Perkins Coie to withdraw from its representation of Defendant. *Id.*

The day the Opinion and Order was filed in the public docket, Plaintiff's counsel contacted the Court to ask that it be sealed. Pl. Supp. Br. 3, ECF 71. The Court declined to seal the Opinion and Order. Counsel for Plaintiff then conferred with counsel for Defendant and filed the Motion to Seal, asserting that the Opinion and Order discussed communications covered by the attorney-client privilege. *Id.* On August 28, 2023, the Court temporarily sealed the Opinion and Order and directed Plaintiff to file a brief in support of the Motion. Plaintiff filed its supplemental brief with proposed redactions. Pl. Supp. Br. Ex. A. Defendant opposes the redactions in part. Def. Resp., ECF 72.

//

//

## STANDARDS

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). Courts in the Ninth Circuit "'start with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This presumption of access promotes the accountability of the federal courts and public confidence in the administration of justice. *Id.*

In most cases, a party seeking to seal a judicial record must show "compelling reasons" to seal that record. *Id.* The district court must then balance the public interest in disclosure of records against the party's interest in keeping them secret. *Id.* at 1097. The Ninth Circuit has recognized two exceptions to this standard. First, to seal "materials attached to a discovery motion unrelated to the merits of a case," only a showing of good cause is required. *Id.* Second, "[a] narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). The Ninth Circuit has indicated that communications covered by the attorney-client privilege fall within this second exception. *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012) ("Attorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons."); *United States v. Le Chabrier*, 804 F. App'x 438, 441 (9th Cir. 2020) (same).

Although *Lambright* was decided in the context of a habeas petition, district courts have applied its reasoning to ordinary civil cases. *E.g.*, *Hernandez v. Creative Concepts*, No. 2:10-CV-

02132-PMP-VC, 2013 WL 3864066, at *9 (D. Nev. July 24, 2013); *Moreno v. SFX Ent., Inc.*, No. CV140880RSWLCWX, 2015 WL 12683794, at *2 (C.D. Cal. Aug. 28, 2015). Other district courts have concluded that the attorney-client privilege is a compelling reason to redact or seal documents. *E.g.*, *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (collecting cases); *Pham v. Talkdesk, Inc.*, No. 222CV05325MCSJPR, 2022 WL 18638753, at *1 (C.D. Cal. Aug. 10, 2022). The Court concludes that under *Lambright*, there is no right of public access in communications covered by the attorney-client privilege. Another court in this district previously redacted attorney-client communications from an opinion and order and filed the unredacted version under seal. *Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-CV-2113-SI, 2018 WL 4600291, at *1 (D. Or. Sept. 25, 2018).

## DISCUSSION

Plaintiff seeks to redact certain text in the Opinion and Order because it discusses communications covered by the attorney-client privilege. The Court concludes that Plaintiff's proposed redactions generally reflect attorney-client privileged communications. But some of the text Plaintiff seeks to redact is not privileged, and the Court reduces Plaintiff's proposed redactions accordingly because it finds no other basis for the redactions.

### I. Attorney-Client Privilege

Federal common law on the attorney-client privilege governs where, as here, the case arises under federal law. *United States v. Zolin*, 491 U.S. 554, 562 (1989). "The party asserting attorney-client privilege bears the burden of proving each element of an eight-part test used to determine whether information is covered by the attorney-client privilege[.]" *A.F. v. Providence Health Plan*, 173 F. Supp. 3d 1061, 1074 (D. Or. 2016). Those elements are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (citing *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). The privilege may cover communications between an attorney and a party that sought to become a client. *United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988) (overruled on other grounds). The privilege covers the communication of facts to an attorney, but does not cover the underlying facts themselves. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). A party can waive the attorney-client privilege expressly, by voluntarily disclosing privileged materials to a third party; or through implication, by putting the attorney's performance at issue during the litigation. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-17 (9th Cir. 2020).

Plaintiff submitted a copy of the Court's Opinion and Order with proposed redactions. Pl. Supp. Br. Ex. A. Defendant disputes only three of the proposed redactions. The Court has reviewed all proposed redactions to determine whether the attorney-client privilege applies, as nonprivileged material is subject to a presumption of public access. Because the parties do not dispute the application of the privilege to most of the proposed redactions, and to avoid the need for redaction of this Opinion, the Court will not discuss all of them with particularity. In general, to the extent that Plaintiff did not consistently seek to redact particular communications or the Court's discussion of the nature and substance of those communications, the Court reduced the requested redactions as to those communications, because Plaintiff did not insist that they remain secret. The Court also declines to redact high-level billing information, as the Ninth Circuit has indicated that it is not privileged. *See In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). The Court now turns to the disputed redactions.

The first two disputed redactions concern emails between Plaintiff and Perkins Coie attorney Chun Ng in 2021 regarding a check for conflicts of interest. *See* Op. & Ord. 18-20. The Court grants Plaintiff's requested redactions in part. Plaintiff does not ask the Court to redact all of the communications between Plaintiff and Mr. Ng on this subject matter. *See* Pl. Supp. Br. Ex. A. The communications that Plaintiff does not seek to redact establish the nature and contours of the discussion on conflicts of interest. The Court concludes that because Plaintiff has not insisted that those matters remain secret, the attorney-client privilege only applies to the communications to the extent that they address the legal matter on which Plaintiff sought to consult Mr. Ng. The disclosure of the identities of Defendant's other clients to Plaintiff bears on the nature of the legal advice Plaintiff sought, and the Court therefore redacts that information. The Court otherwise declines to redact the communications. The third disputed redaction is granted in part because it covers the substance of the matter on which Plaintiff sought legal advice. Other than the times when Plaintiff did not consistently request redaction of discussions of a particular subject, the Court agrees with Plaintiff that it has acted diligently to assert and preserve the attorney-client privilege with respect to the communications discussed in the Court's Opinion and Order. *See* Pl. Supp. Br. 5-6.

**II. Good Cause or Compelling Reasons to Redact**

Plaintiff argues that even if some of the text it seeks to redact does not reflect privileged material, the Court should find good cause or compelling reasons to redact that text. Pl. Supp. Br. 7. According to Plaintiff, the information could be harmful to Plaintiff by "providing BeSang's adversaries with a roadmap to sensitive discovery and arguments for why BeSang's privileged communications with Perkins Coie are discoverable and not privileged by virtue of the Court's disclosure of the same." *Id.*

The Court does not decide whether the good cause standard or the compelling reasons standard applies, because Plaintiff cannot meet either. The Court granted most of the redactions Plaintiff requested. The redactions not granted fall into two main categories. First, as explained above, the Court did not redact material that covered the same subject matter as material Plaintiff did not seek to redact. The Court finds there is no good cause or compelling reason to redact such material. Second, the Court reduced the requested redactions to maintain some grammatical and structural clarity in the Opinion and Order. In doing so, the Court redacted identifying names and details of Plaintiff's transactions with Perkins Coie. The Court has redacted the Opinion and Order to protect information on the substance of Plaintiff's transactions with Perkins Coie without redacting more language than necessary to do so. There is no good cause or compelling reason for further redaction of the Opinion and Order.

**CONCLUSION**

Plaintiff's Motion to Seal or Redact [69], [71] is GRANTED IN PART. The unredacted version of the Court's Opinion and Order [67] is to remain under seal. The Clerk is directed to file a redacted version of the Court's Opinion and Order [67] in the public docket.

IT IS SO ORDERED.

DATED: October 4, 2023.

Marco Hernández

MARCO A. HERNÁNDEZ
United States District Judge