IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BESANG, INC.,

           Plaintiff,

     v.

INTEL CORPORATION,

           Defendant.

No. 3:23-cv-00113-HZ

OPINION & ORDER

Susan D. Pitchford
Chernoff Vilhauer LLP
111 SW Columbia St, Ste 725
Portland, OR 97201

Aisha Mahmood Haley
Bjorn A. Blomquist
Bradley Wayne Caldwell
James F. Smith
Jason Dodd Cassady
John Austin Curry
John Franklin Summers
Richard A. Cochrane
Robert Seth Reich, Jr.
Warren Joseph McCarty III
Xu Zhou

1 – OPINION & ORDER

Caldwell Cassady Curry PC
2121 N Pearl St, Ste 1200
Dallas, TX 75201

       Attorneys for Plaintiff

Chad S. Campbell
Tyler Reese Bowen
Elizabeth Baxter
Heather C. Martin
Perkins Coie LLP
2901 N Central Ave, Ste 2000
Phoenix, AZ 85012

Renee E. Rothauge
Sarah J. Crooks
Gregory J. Mina
Perkins Coie LLP
1120 NW Couch St, 10th Floor
Portland, OR 97209

Christina McCullough
Dorianne Salmon
Perkins Coie LLP
1201 Third Ave, Ste 4800
Seattle, WA 98101

Philip Alcide Morin
Perkins Coie LLP
11452 El Camino Real, Ste 300
San Diego, CA 92130

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

Defendant Intel Corporation moves to extend the temporary stay of deadlines in this patent infringement case until the Patent Trial and Appeal Board ("PTAB") decides whether to institute *inter partes* review ("IPR") of the patent alleged to be infringed. Def. Mot. to Stay, ECF 74. Plaintiff opposes the Motion. Pl. Resp., ECF 77. For the following reasons, the Court denies the Motion.

2 – OPINION & ORDER

## BACKGROUND

On January 23, 2023, Plaintiff sued Defendant, alleging infringement of its patent No. 7,378,702 ("the '702 Patent"), entitled "Vertical Memory Device Structures." Compl. ¶ 9, ECF 1. On May 16, 2023, the Court held a Rule 16 conference and set case deadlines through claim construction. ECF 45. On June 26, 2023, Plaintiff filed a Motion to Disqualify Perkins Coie from representing Defendant. ECF 60. At the parties' joint request, the Court temporarily stayed all case deadlines pending the Court's ruling on the Motion to Disqualify. ECF 65, 66. The Court denied the Motion to Disqualify on August 25, 2023. ECF 67. Defendant now moves to extend the temporary stay until on or about December 14, 2023, when the PTAB will decide whether to institute review of the '702 Patent based on the IPR petition Defendant filed. Def. Mot. to Stay 2; Bowen Decl. ¶ 3, Ex. B, ECF 75.

## STANDARDS

"A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

> When deciding whether to stay a proceeding pending the IPR process, courts apply a three-part test, asking whether: (1) discovery is complete and whether a trial date has been set, (2) a stay will simplify the issues in question and trial of the case, and (3) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Garmin Switzerland GmbH v. FLIR Sys., Inc.*, No. 3:17-CV-01147-SB, 2017 WL 6453346, at *2 (D. Or. Dec. 18, 2017). *See also Lyden v. Nike Inc.*, No. 3:13-CV-00662-HZ, 2013 WL 5729727, at *7 (D. Or. Oct. 22, 2013). "The moving party has the burden to persuade the court that a stay is appropriate." *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-CV-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016).

**DISCUSSION**

Defendant has not met its burden to show that the stay should be extended. With respect to the first factor, while discovery is incomplete and no trial date has been set, the parties have exchanged some written discovery, infringement and invalidity contentions, and some documents. Def. Mot. to Stay 5; Pl. Resp. 11. Had the case proceeded on the timeline the Court set at the Rule 16 conference, the parties would be in the midst of preparing for the claim construction hearing, which was originally set to occur only one day after the PTAB's institution decision is expected. *See* ECF 45. Although the Court found that a stay of the case was appropriate while reviewing the Motion to Disqualify, that motion has since been resolved, and the case can now proceed. This factor does not favor extending the stay.

As to the second factor, the Court agrees with Plaintiff that it is premature to conclude that a stay would simplify the issues. Pl. Resp. 7-11. Defendant seeks to extend the stay not to await a decision from the PTAB on the validity of the '702 Patent but to await a decision from the PTAB on whether to review the validity of the '702 Patent. *See* Def. Mot. to Stay 5-8. That is not an adequate basis for further delay. This factor weighs against a stay.

Neither party makes a compelling case on the third factor, prejudice. Although Defendant asserts that "Intel and BeSang are not direct competitors," Def. Mot. to Stay 8, Plaintiff counters that both parties "are in the semiconductor market," Pl. Resp. 6. Defendant points out that Plaintiff has not alleged any declining sales or market position due to the infringement. Def. Mot. to Stay 8. Plaintiff responds that "[w]hile this lawsuit persists, BeSang has struggled (and will continue to struggle) to secure investments and collaborate with memory manufacturers to bring products to market." Pl. Resp. 6. On this record, the third factor is neutral. In sum, Defendant has not met its burden to show that the stay should be extended.

**CONCLUSION**

Defendant's Motion to Extend Stay [74] is DENIED. The parties are to confer and file a new proposed case schedule through claim construction within one week.

IT IS SO ORDERED.

DATED:___October 10, 2023___.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

5 – OPINION & ORDER